JODI LINKER
Federal Public Defender
Northern District of California
NED SMOCK
Assistant Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  (415) 436-7700
Facsimile:   (415) 436-7706
Email:         Ned_Smock@fd.org

Counsel for BRAYAN IZAGUIRRE-ESTRADA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 25-CR-00352 JSC |
|---|---|
| Plaintiff, | **DEFENDANT'S SENTENCING MEMORANDUM** |
| v. | |
| BRAYAN IZAGUIRRE-ESTRADA, | Date:  November 5, 2025<br>Time:  10:00 a.m.<br>Court: Hon. Jacqueline Scott Corley |
| Defendant. | |

DEFENDANT'S SENTENCING MEMORANDUM

1

## INTRODUCTION

Brayan Izaguirre-Estrada is scheduled to appear before the Court on November 5, 2025, for a jointly requested combined change of plea and sentencing hearing. Mr. Izaguirre intends to plead guilty to an information charging one count of possession for sale of methamphetamine. He respectfully requests that the Court impose the parties' agreed-upon sentence of time served and one business day to be followed by three years of supervised release and a stay-away order from the Tenderloin. In light of the proposed disposition, he requests that the Court decline to order preparation of a Presentence Report, pursuant to Federal Rule of Criminal Procedure 32(c)(1)(A)(ii).

Mr. Izaguirre came to this country as a teenager to find a better life and to send money back home to his family. He lived in Georgia and Colorado before settling in California approximately four years ago. While Mr. Izaguirre has worked in the construction field, his life has fallen apart as he succumbed to addiction to drugs and alcohol. Here, he was arrested after selling a small amount of methamphetamine to an undercover officer. His conduct here was only motivated by his need to support the habit that has ruined his life. Mr. Izaguirre is ready to return to Honduras so that he can work on his sobriety and spend time with his family away from the streets of San Francisco.

As part of this fast track disposition, Mr. Izaguirre waived the right to proceed by indictment, waived the right to seek release while the case was pending, and he immediately took responsibility for his conduct by agreeing to plead guilty at the earliest possible opportunity. Mr. Izaguirre will face substantial immigration consequences as a result of this conviction. He will not only be subject to near-certain deportation back to Honduras, but he will be ineligible for numerous avenues of relief in immigration proceedings and will become permanently inadmissible to the United States in the future.

## DISCUSSION

**I.    Advisory Guidelines Calculation**

Mr. Izaguirre agrees with the government that the adjusted offense level is 15, as set forth in the parties' plea agreement. The advisory guidelines are calculated this way:

    a.    **Base Offense Level** [U.S.S.G. § 2D1.1(a)(5), (c)(11)]:    18
- *Converted drug weight: 40 kg – 60 kg*

|   |   |   |   |
|---|---|---|---|
| b. | **Acceptance of Responsibility**: | | -3 |
| c. | **Adjusted Offense Level**: | | 15 |

The parties also agree that Mr. Izaguirre's criminal history category is II. The advisory guidelines range is therefore 21-27 months.

## II. A Sentence of Time Served Would Be Sufficient but Not Greater Than Necessary To Achieve the Sentencing Goals Of § 3553(a)

In sentencing Mr. Izaguirre, this Court must consider all of the directives set forth in 18 U.S.C. § 3553(a); the Guidelines are only one factor among many to be considered by the Court. *See United States v. Booker*, 543 U.S. 220 (2005); *Kimbrough v. United States*, 128 S. Ct. 558, 570 (2007). "The overarching statutory charge for a district court is to impose a sentence sufficient, but not greater than necessary" to achieve the goals of § 3553(a). *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (internal quotations omitted). Those goals include the need to: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment for the offense; (4) afford adequate deterrence to criminal conduct; (5) protect the public from further crimes of the defendant; and (6) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *See* 18 U.S.C. § 3553(a)(2). Section 3553(a) also directs the Court to consider a number of additional factors, including: the nature and circumstances of the offense, § 3553(a)(1); the history and characteristics of the defendant, § 3553(a)(1); the kinds of sentences available, § 3553(a)(3); the sentencing guideline range, § 3553(a)(4); pertinent Sentencing Commission policy statements, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

Under *Booker*, the sentencing court must impose the lowest reasonable sentence that fulfills the goals of Congress, unencumbered by offense levels, criminal history, or the availability of authorized downward departures. While the Court may apply a presumption of reasonableness to sentences within the applicable Guidelines range, the district court "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita v. United States*, 551 U.S. 338, 351 (2007). Nor is it required to use a formulaic approach yielding a mathematical justification of non-

1  Guidelines sentences. *See Gall v. United States*, 558 U.S. 38, 49 (2007). Rather, it must exercise
2  "reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through
3  § 3553(a)'s list of factors." *Rita*, 551 U.S. at 358.

### A. The nature and circumstances of the offense

Mr. Izaguirre's conduct in the instant matter was possessing for sale approximately 16 grams of methamphetamine and 4 grams of crack, including the weight of packaging. Mr. Izaguirre did not have a weapon nor did he engage in violence. He did not possess a scale or a larger stash of drugs that might have suggested he was involved in larger-scale trafficking. In fact, he is a user of both of these substances and was selling to support a habit that has destroyed his life.

Mr. Izaguirre was arrested as part of the government's initiative targeting cases arising in the Tenderloin for federal prosecutions. While he has two prior convictions for being an accessory, he has never been convicted of the aggravated felony of possession of narcotics for sale. As part of this disposition he will stand convicted of possession for sale, which almost entirely eliminates any hope that Mr. Izaguirre could remain in – or ever return to – this country legally. The parties' proposed felony disposition more than adequately addresses the nature and circumstances of the offense.

### B. Mr. Izaguirre's history and characteristics

Brayan Izaguirre-Estrada was raised by his grandparents in Honduras. Neither of his parents were in a position to raise him. His father was an alcoholic and drug addict and his relationship with Mr. Izaguirre's mother was toxic. The police became involved and Mr. Izaguirre's grandparents took him in. Mr. Izaguirre is grateful to his grandparents for rescuing him from life with his mother and father, but they were also raising their own nine children. Brayan completed sixth grade and a short period of what we would refer to as high school, but his grandparents did not have enough money to pay for any further schooling for Brayan. Brayan started working in the fields. Almost all of the money he earned went to his grandparents – he recalls retaining just enough to buy himself some bread and a Coke.

Mr. Izaguirre decided to come to the United States when he was a teenager because he wanted to earn money to help his grandparents. He lived in Georgia, where he did construction work on a school, then moved to Colorado, where he did construction and roofing work. It was in Colorado that

Mr. Izaguirre started using cocaine and heroin. Drug use quickly took over his day-to-day existence. He moved to San Francisco a few years ago and has struggled with an addiction to multiple substances. He has used cocaine, methamphetamine, heroin, crack and fentanyl. He reports overdosing on fentanyl several times over the past few years in San Francisco. His life has been miserable. More than anything at this point, Mr. Izaguirre wants to end this chapter of his life and achieve sobriety. He plans to return to his home country, where narcotics are not so readily available, and focus on family, work, and living a healthy, drug-free existence.

### C. A sentence of time served provides specific deterrence and protects the public from future crimes

The negotiated disposition in this case is by no means lenient. Mr. Izaguirre has never before been convicted of an aggravated felony. Instead of seeking release and participation in inpatient treatment to address the addiction that drove his conduct, as part of this disposition Mr. Izaguirre waived indictment, waived the right to seek release at a detention hearing, waived the right to a trial, and the right to appeal any aspect of this case or the sentence to be imposed by the Court. Further, as part of this plea Mr. Izaguirre is agreeing to be deported following service of his sentence. Almost every avenue for relief that Mr. Izaguirre otherwise would be able to pursue as a potential defense in immigration proceedings will no longer be available to him. Most severely, he will be rendered permanently inadmissible to the U.S., meaning that he will be barred from re-entry for the rest of his life. Finally, before deportation, he will spend an uncertain period of time in immigration detention which would serve as an additional custodial consequence and deterrence. The recommended disposition of this matter both protects the community from crime and provides specific and general deterrence.

## CONCLUSION

For the aforementioned reasons, Mr. Izaguirre respectfully requests the Court sentence him to the parties' joint recommendation of time served and one business day and three years of supervised release with the proposed special conditions.

|  |  |
|---|---|
| Dated:   October 29, 2025 | Respectfully submitted, |
|  | JODI LINKER<br>Federal Public Defender<br>Northern District of California |
|  | _____/S_____<br>NED SMOCK<br>Assistant Federal Public Defender |